IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARTHUR CASBARRO,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-324**        (JCN: 2024002643)

**ANTHONY CORRECTIONAL CENTER,**
**Employer Below, Respondent**

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Arthur Casbarro appeals the July 14, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Anthony Correctional Center ("Anthony") filed a response.[1] Mr. Casbarro did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Casbarro no permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Casbarro filed an Employees' and Physicians' Report of Occupational Injury or Disease dated July 29, 2023, indicating that he sustained an injury to his right knee on the same day when a co-worker hit him, causing his right knee to buckle. The treatment provider at CAMC – Greenbrier Valley Medical Center, who completed the physician's section of the form, found that Mr. Casbarro sustained a right knee injury as a direct result of an occupational injury. The claim administrator issued an order dated August 29, 2023, holding the claim compensable for contusion of the right knee. Mr. Casbarro underwent an MRI of the right knee on September 11, 2023, revealing chondromalacia patella and a torn medial meniscus.

On December 19, 2023, Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Casbarro, who presented with pain and stiffness at the right knee.

---

[1] Mr. Casbarro is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Anthony is represented by James W. Heslep, Esq.

Dr. Mukkamala opined that the examination of the lower extremities revealed normal range of motion ("ROM") for all joints. The assessment was sprain/contusion to the right knee. Dr. Mukkamala opined that the medial meniscus tear was degenerative in nature and was not a traumatic tear. Dr. Mukkamala also noted that Mr. Casbarro had significant pre-existing non-compensable degenerative arthrosis of the right knee. It was found that Mr. Casbarro had reached maximum medical improvement ("MMI") from the compensable injury. Based upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala opined that Mr. Casbarro had no whole person impairment ("WPI") for the compensable right knee injury as he found no loss of range of motion or any other ratable abnormality in the right knee.

The claim administrator issued an order dated December 28, 2023, granting Mr. Casbarro no PPD award based on Dr. Mukkamala's report. Mr. Casbarro protested this order. Nick Higinbotham, D.O., submitted a Diagnosis Update form dated May 13, 2024, requesting that right medial meniscus tear be added as a compensable condition of the claim. The claim administrator issued an order dated May 23, 2024, adding tear of the medial meniscus to the claim as a compensable condition.

Mr. Casbarro was evaluated by Bruce A. Guberman, M.D., on November 4, 2024, where he presented with an injury to his right knee and reported constant pain and stiffness throughout the right knee. The assessment was a contusion of the right knee occurring at work on July 29, 2023, and a medial meniscus tear. Dr. Guberman opined that Mr. Casbarro had reached MMI from the compensable injury. Based upon the *Guides*, Dr. Guberman found that Mr. Casbarro had a WPI of 4% due to ROM abnormalities from the compensable right knee injury.

On March 22, 2025, Mr. Casbarro was evaluated by Austin Nabet, D.O., where he presented with soreness on the medial aspect of the right knee. Mr. Casbarro denied any prior right knee injuries. Dr. Nabet opined that Mr. Casbarro had a right knee strain and contusion due to the compensable injury, but that the medial meniscus tear was preexisting and not claim related. Further, Dr. Nabet opined that Mr. Casbarro had reached MMI from his compensable right knee injuries. Based upon the *Guides*, Dr. Nabet found that Mr. Casbarro had no ROM abnormalities in his knee, and thus, no WPI related to his compensable injury.

On July 14, 2025, the Board affirmed the claim administrator's order granting Mr. Casbarro no PPD award. The Board found that the preponderance of the evidence establishes that Mr. Casbarro has no permanent impairment related to his compensable injuries. Mr. Casbarro now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Casbarro argues that Drs. Mukkamala and Nabet both incorrectly stated that the meniscus tear was not part of the compensable injury, when the meniscus tear was added as compensable on May 23, 2024, thus making their reports invalid. Mr. Casbarro further argues that the Board failed to provide an analysis as to what made Dr. Guberman's clinical findings less reliable. Finally, Mr. Casbarro asserts that the Board failed to acknowledge that Dr. Guberman also addressed the degenerative changes seen on the imaging, noting that there was no history of any prior knee injury or symptoms, and no interference with his daily activities of living prior to the injury.

Here, the Board found that the preponderance of the evidence establishes that Mr. Casbarro has no permanent impairment related to his compensable injuries. The Board noted that Mr. Casbarro was evaluated by three physicians, and neither Dr. Mukkamala nor Dr. Nabet found that he had abnormal range of motion in his knee, contrary to the findings of Dr. Guberman. The Board further noted that the evaluations of Drs. Mukkamala and Nabet were performed before and after Dr. Guberman's evaluation. Thus, the Board found that Dr. Guberman's evaluation was an outlier and not reliable.

Upon review, we agree with Mr. Casbarro's argument that the Board's analysis could have been more thorough. However, we conclude that the Board was not clearly wrong in finding that the preponderance of the evidence establishes that Mr. Casbarro has no permanent impairment related to his compensable injuries. Further, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was an outlier and not reliable.

3

We do not find merit in Mr. Casbarro's argument that the reports of Drs. Nabet and Mukkamala were inherently flawed due to their disregard of a compensable condition in this particular case. Here, all three evaluating doctors agreed that an impairment rating for the knee should be based on range of motion criteria for the knee as provided by the *Guides*. Thus, regardless of the conditions being considered, it was reasonable for the Board to conclude that Dr. Guberman's report was less reliable than the others, as he was the only one to find abnormal range of motion.[2]

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong when it affirmed claim administrator's order granting Mr. Casbarro no PPD award.

Accordingly, we affirm the Board's July 14, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[2] Dr. Nabet's conclusion that Mr. Casbarro's torn meniscus was not compensable, when the claim administrator specifically held the claim compensable for a torn meniscus, is troubling. However, like Dr. Guberman's opinion, his impairment rating is based on range of motion findings and not diagnostics. Dr. Mukkamala's report was drafted prior to the claim being recognized as compensable for a torn meniscus.